

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00110-CR

**TOMAS RAMIREZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-2218-C1**

## MEMORANDUM OPINION

In three issues, appellant, Tomas Ramirez, challenges his convictions for two counts of aggravated sexual assault of a child, a first-degree felony, and two counts of indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (e) (West Supp. 2013); *see also id.* § 21.11(a), (d) (West 2011). Specifically, appellant asserts that the trial court erred by: (1) allowing an investigator to testify from a patrol officer's offense report; (2) failing to give a contemporaneous-limiting instruction when purported extraneous-offense evidence was admitted at trial; and (3)

failing to instruct the jury on the burden of proof regarding the purported extraneous-offense evidence. We affirm.

## I. BACKGROUND

In the instant case, appellant was charged by indictment with three counts of aggravated sexual assault and two counts of indecency with a child by contact allegedly perpetrated against M.P. from late 1995 to the middle of 1997. At trial, M.P., who was twenty-four years old at the time, recounted that the sexual misconduct occurred when she was seven or eight years old. At the conclusion of the evidence, the jury found appellant guilty of two counts of aggravated sexual assault and two counts of indecency with a child by contact. The jury acquitted appellant of one count of aggravated sexual assault that was alleged to have occurred on June 1, 1996. For each of the indecency-with-a-child-by-contact counts, the jury assessed punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. For one count of aggravated sexual assault of a child, the jury assessed punishment at ninety-nine years' confinement. For the remaining aggravated-sexual-assault-of-a-child count, appellant was sentenced to life imprisonment. The trial court ordered that the sentences run concurrently and certified that appellant has the right of appeal in this case. This appeal followed.

## II. THE OFFENSE REPORT

In his first issue, appellant contends that the trial court abused its discretion by allowing hearsay testimony that improperly bolstered the victim's testimony. More specifically, appellant complains that Detective Brent Belcher of the Waco Police

Department Crimes Against Children Unit improperly testified from another law-enforcement officer's offense report that stated that appellant had "repeatedly" touched M.P.'s breast and vagina.

### A. Applicable Law

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Hearsay statements are generally not admissible unless the statement falls within a recognized exception to the hearsay rule. *Id.* at R. 802; *see Taylor v. State*, 268 S.W.3d 571, 578 (Tex. Crim. App. 2008). The rule of optional completeness, Texas Rule of Evidence 107, is one such rule. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007) (internal citation omitted). The rule of optional completeness "is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter 'opened up' by the adverse party." *Id.* at 218 (internal citation omitted). "It is designed to reduce the possibility of the jury receiving a false impression from hearing only part of some act, conversation, or writing. *Id.* (internal citations omitted). "Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain

properly admitted evidence.  *Id.* (internal citations omitted).  "Further, the rule is not invoked by the mere reference to a document, statement, or act."  *Id.* (internal citations omitted).  "And it is limited by Rule 403, which permits a trial judge to exclude otherwise relevant evidence if its unfair prejudicial effect or its likelihood of confusing the issues substantially outweighs its probative value."  *Id.*

**B. Discussion**

During cross-examination, appellant's counsel questioned Detective Belcher about differences between his report and the offense report drafted by the patrol officer who took M.P.'s initial statement.  Specifically, in response to questioning by appellant's counsel, Detective Belcher acknowledged that his report stated that penetration had occurred; however, the patrol officer's offense report did not note that penetration had occurred.  Instead, the patrol officer's offense report stated that "there was touching and rubbing."  Later, on re-direct examination, Detective Belcher testified over objection that the patrol officer's offense report recounted that M.P. alleged that appellant had repeatedly touched her on her breast and her vagina.  Nevertheless, a review of the record demonstrates that appellant's counsel made multiple references to the patrol officer's offense report and even read statements from the report.  As a result, the State attempted to offer the entire statement of the victim into evidence.  Ultimately, the trial court admitted the complained-of evidence under the rule of optional completeness; accordingly, the State was allowed to question Detective Belcher about the victim's statements and the differences between the two reports.

Because appellant's counsel first referenced the patrol officer's offense report and asked questions based on the discrepancies between the reports of the patrol officer and Detective Belcher, we conclude that appellant's counsel opened the door to the complained-of line of questioning. *See id.*; *see also Winegarner v. State*, 235 S.W.3d 787, 792-93 (Tex. Crim. App. 2007) (Keller, P.J., dissenting) (recognizing that, since the adoption of the rules of evidence, Rule 107 has been recognized as encompassing the "opening the door" situation (citing *Fuentes v. State*, 991 S.W.2d 267, 279 (Tex. Crim. App. 1999))). As such, we cannot say that the trial court abused its discretion by allowing the State to ask questions based on the same reports that appellant's counsel had previously referenced on cross-examination. *See Fuentes*, 991 S.W.2d at 279 (stating that "the necessity of completeness will justify the introduction, through the 'open door,' of extraneous offense evidence, hearsay, or other matter that would otherwise be incompetent" (quoting Steven Goode, Olin Guy Wellborn II, and M. Michael Sharlot, 1 TEXAS PRACTICE GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 107.1, at 41 (West 1993))); *see also Cressman v. State*, No. 10-11-00393-CR, 2012 Tex. App. LEXIS 9849, at *13 (Tex. App.—Waco Nov. 29, 2012, no pet.) (mem. op., not designated for publication) (same).

We also note that appellant's complaint in this issue centers on Detective Belcher's testimony regarding a statement made by M.P. at the police station to the patrol officer that appellant had repeatedly assaulted her by touching her breasts and vagina. The record reflects that M.P. testified about numerous instances where appellant touched her breasts and vagina. Therefore, any error associated with the

admission of the complained-of evidence would be harmless because the same evidence was admitted elsewhere without objection. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("'An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection'" (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003))); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Stoker v. State*, 788 S.W.2d 1, 12 (Tex. Crim. App. 1989) ("It is well established that when a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the defendant is not in position to complain on appeal."). Accordingly, we overrule appellant's first issue.

### III. CONTEMPORANEOUS-LIMITING INSTRUCTIONS

In his second issue, appellant asserts that the trial court failed to give a contemporaneous-limiting instruction regarding eleven instances of purported extraneous-offense evidence. The State counters that the complained-of evidence amounted to res gestae or same-transaction contextual evidence that did not require a limiting instruction. The State further argues that the evidence was admissible without a limiting instruction under section 1 of article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1 (West Supp. 2013).

#### A. Applicable Law

Texas Rule of Evidence 404(a) generally prohibits the admission of character evidence for the purpose of proving an action in conformity therewith. TEX. R. EVID. 404(a). Rule 404(b) extends that protection to "other crimes, wrongs or acts" with a few

exceptions: "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* at R. 404(b).

However, evidence of "other crimes, wrongs or acts," also called extraneous offenses, may be admissible as same-transaction contextual evidence when "'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.'" *Prible v. State*, 175 S.W.3d 724, 731-32 (Tex. Crim. App. 2005) (quoting *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)). This type of evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case difficult to understand or incomplete. *Id.* at 732; *see Worthy v. State*, 312 S.W.3d 34, 40 (Tex. Crim. App. 2010) (noting that the complained-of evidence "was not absolutely necessary to the jury's understanding of the charged offense" but affirming the admission of the evidence as same-transaction contextual evidence). Same-transaction contextual evidence is "admissible to show the context in which the criminal act occurred." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence." *Id.*

With regard to limiting instructions, Texas Rule of Evidence 105(a) provides that when "evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a); *see Hammock v.*

*State*, 46 S.W.3d 889, 892 (Tex. Crim. App. 2001). "The language of Rule 105(a) requires, upon proper request, a limiting instruction to be given at the time the evidence is admitted." *Hammock*, 46 S.W.3d at 894; *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996) (op. on orig. submission). However, the Texas Court of Criminal Appeals has held that "a limiting instruction is not required when evidence is admitted as same-transaction contextual evidence." *Devoe v. State*, 354 S.W.3d 457, 471 (Tex. Crim. App. 2011) (citing *Castaldo v. State*, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002)); *Wesbrook*, 29 S.W.3d at 114-15. Thus, in determining whether the trial court erred in failing to issue a limiting instruction, we must focus our analysis on whether the complained-of evidence constituted same-transaction contextual evidence, as the State argues.

### B. Discussion

On appeal, appellant asserts that a contemporaneous limiting instruction was required when the State offered evidence pertaining to appellant: (1) repeatedly touching M.P.'s breasts and vagina; (2) watching M.P. take baths; (3) touching M.P.'s vagina outside her clothing more than once; (4) pulling M.P. on a bed and rubbing her vagina inside her clothes; (5) touching M.P.'s vagina inside her clothes while she was in front of her grandmother's dresser; (6) touching M.P.'s vagina while she was sitting on her grandmother's bed; (7) forcing M.P. to touch his penis over his pants; (8) touching M.P.'s breasts when she was wearing a yellow shirt; (9) touching M.P.'s vagina over her clothes "a lot"; (10) touching M.P.'s vagina inside her clothes "a few times"; and (11) engaging in sexual misconduct from when M.P. was seven years old until she was twelve years old. We disagree.

Here, appellant was charged with three counts of aggravated sexual assault of a child and two counts of indecency with a child by contact occurring over a period of time—from late 1995 to the middle of 1997. The complained-of evidence provided details about appellant's ongoing sexual misconduct with M.P. and is inextricably intertwined with appellant's commission of the charged sexual offenses against M.P. *See Worthy*, 312 S.W.3d at 40; *Prible*, 175 S.W.3d at 731-32; *see also McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2010) ("That is, [same-transaction contextual evidence] is admissible when several offenses are 'so intermixed or connected as to form a single, indivisible criminal transaction, such that in narrating the one, it is impracticable to avoid describing the other.'" (quoting *Rogers*, 853 S.W.2d at 33-34)). As such, we believe that the complained-of evidence provided pertinent background information that assisted the jury in understanding the underlying sexual misconduct. *See Wesbrook*, 29 S.W.3d at 115 ("This evidence is considered 'res gestae,' under the reasoning that event do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence."); *see also Worthy*, 312 S.W.2d at 40; *Prible*, 175 S.W.3d at 731-32. Accordingly, we conclude that the complained-of evidence constitutes same-transaction contextual evidence.[1] *See Worthy*, 312 S.W.3d at 40; *Prible*, 175 S.W.3d at 731-32;

---

[1] We also believe that the complained-of evidence was admissible under section 1(b) of article 38.37 of the Texas Code of Criminal Procedure, which provides the following:

Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

*Wesbrook*, 29 S.W.3d at 115. And because we have concluded that the complained-of evidence constitutes same-transaction contextual evidence, we cannot say that the trial court was obligated to issue a contemporaneous-limiting instruction in reference to that evidence. *See Devoe*, 354 S.W.3d at 471; *Castaldo*, 78 S.W.3d at 352; *Wesbrook*, 29 S.W.3d at 114-15. We overrule appellant's second issue.

## IV. THE JURY CHARGE

In his third issue, appellant argues that the trial court erred by failing to instruct the jury on the burden of proof regarding extraneous-offense evidence. First, we note that a party is not entitled to a limiting instruction for same-transaction contextual evidence. *See Devoe*, 354 S.W.3d at 471; *Castaldo*, 78 S.W.3d at 352; *Wesbrook*, 29 S.W.3d at 114-15. And because we have concluded that the complained-of evidence constitutes same-transaction contextual evidence, the trial court was not required to provide the jury instruction appellant requests regarding the complained-of evidence.[2] *See Devoe*,

---

    (1) The state of mind of the defendant and the child; and

    (2) The previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, §1(b) (West Supp. 2013).

[2] Instead, at the conclusion of the guilt-innocence phase, the trial court properly instructed the jury that:

> As to Counts I, II[,] and III—Aggravated Sexual Assault of a Child and Counts IV and V—Indecency with a Child by Contact alleged in the indictment, the State has the burden of proof. The State must prove each of the elements in the charged offenses beyond a reasonable doubt. The elements are set out below for each count. If each of you believes the State has proved each and every element of any count beyond a reasonable doubt, you are required to return a verdict of guilty for that count.
>
> If you believe the State has failed to prove any element of a count of the indictment, you are required to return a verdict of not guilty as to that count. If you have

354 S.W.3d at 471; *Castaldo*, 78 S.W.3d at 352; *Wesbrook*, 29 S.W.3d at 114-15. Accordingly, the complained-of evidence was properly received as general evidence and could be considered for all purposes. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). Therefore, based on the foregoing, we overrule appellant's third issue.

## V. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgments of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed April 10, 2014
Do not publish
[CRPM]

---

a reasonable doubt as to whether the Defendant is guilty of a specific count, you are required to find the Defendant not guilty of that count.

*See Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) ("Because the evidence in question was admitted for all purposes, a limiting instruction was not 'within the law applicable to the case,' and the trial court was not required to include a limiting instruction in the charge to the jury." (citing TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007))); *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) (stating that after evidence has been admitted without a limiting instruction under Rule 105, it becomes a part of the general evidence in the case and may be used for all purposes; *see also Huizar v. State*, 12 S.W.3d 479, 482 (Tex. Crim. App. 2000) ("Thus, at punishment[,] the reasonable-doubt standard is applicable in deciding whether or not to consider certain evidence in assessing the sentence (a statutory requirement); at guilt, the standard applies in deciding whether or not all the elements of the charged offense have been proven beyond a reasonable doubt (a constitutional requirement).").

*(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue. He notes, however, that he does not join the opinion as to sections III and IV. Concluding that the evidence was admissible under Art. 38.37, § 1(b), but not as same-transaction contextual evidence, he would hold it was error to not give a contemporaneous limiting instruction, and a limiting instruction in the charge, for those extraneous offenses admitted under the statute for which such an instruction was properly requested at the time the evidence was admitted. Nevertheless, finding the failure to give the requested instruction, on this record, harmless, he concurs in the affirmance of the trial court's judgments.)